**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| **TAMIR NORTON,** | : | Case No. 1-25-45164-ess |
| | : | |
| Debtor. | : | |
| | : | |

---------------------------------------------------------------X

| | | |
|---|---|---|
| | : | |
| **ECP PROPERTY II LLC,** | : | Adv. Pr. No. 1-26-01020-ess |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **29 KERMIT PLACE LLC, 31 KERMIT** | : | |
| **OWNER LLC, 35 KERMIT PLACE LLC** | : | |
| **771 HOPKINSON BOYLAND LLC** | : | |
| **TAMEKA NORTON, NOEL NORTON** | : | |
| **TAMIR NORTON, CARLOTTA NORTON** | : | |
| **NORTON, SARATOGA LIVONIA LLC** | : | |
| **SMART KIDS R US, INC.,** | : | |
| **JEHOVAH-JIREH EL SHADDAI, LLC,** | : | |
| **and DOE, INC. 1 through 10 and JOHN** | : | |
| **AND/OR JANE DOES 1 through 10** | : | |
| | : | |
| Defendants. | : | |
| | : | |

---------------------------------------------------------------X

## APPLICATION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

Plaintiff, ECP Property II LLC ("ECP"), by its attorneys, and upon the affirmation of Todd Strassberg, Esq., sworn to on February 19, 2026 (the "Strassberg Affirmation"), which is attached as **Exhibit 1** to this motion, in support of this motion pursuant Fed. R. Civ. P. 65, which is made applicable to this adversary proceeding through Fed. R. Bankr. P. 7065, for a temporary restraining order and preliminary injunction, alleges as follows:

**Preliminary Statement**

1.       This case has been pending – in this Court and in the Supreme Court for the State of New York, Kings County (the "<u>State Court</u>") – for over four years. Debtor Tamir Norton ("<u>Debtor</u>"), who has not participated in the underlying bankruptcy action in any meaningful way, continued his family's pattern of abusing this Court and the Bankruptcy Code by filing the *Notice of Removal* (Adv. Proc. Doc. No. 1) (the "<u>Second Notice of Removal</u>"), which again removed this dispute from the State Court to this Court. The sole purpose of the bad-faith maneuvers engineered by Debtor and his attorneys is to delay entry of a final judgment against Debtor and related individuals and entities.

2.       ECP obtained summary judgment in the State Court against Debtor and several related entities and individuals. Debtor's counsel file the Notice of Removal two days prior to a second scheduled hearing to determine the amount of attorneys' fees to be included in the judgment to be entered. Similarly, Debtor initiated this bankruptcy case one day prior to an earlier attorneys' fee hearing, which would also have determined the amount of attorneys' fees to be included in the judgment. The purpose of this Motion is to ensure that that ECP will be able to collect on the judgment that will undoubtedly be entered either by this Court or by the State Court.

3.       The State Court made the factual determinations required for a temporary restraining order and preliminary injunction to be entered against all the defendants in this action. One of the defendants – 771 Hopkinson Boyland LLC –already transferred some of its real property, acting through its manager Debtor Tamir Norton. The purchase price of 771 Hopkinson Boyland LLC's property was $1.1 million, and a mortgage of $497,500 was satisfied.

Debtor was involved in the sale, *inter alia*, by executing the deed of sale as manager of the LLC seller.

4. ECP needs a temporary restraining order and preliminary injunction prohibiting the entity defendants in the State Court Action from transferring any more real property during the pendency of this action to protect ECP from irreparable harm.

5. The Debtor and his family have wasted this Court's time for long enough. The bad-faith filings and removals listed in full below demonstrate that the Norton family has no regard for this Court, and the Court's efforts would be better spent on debtors who comply with the law and who care about the aims of Bankruptcy Court and Bankruptcy Code. By granting this Motion, the Court can reclaim its valuable time and put an end to the Norton family's abuse of this Court.

## Summary of the Relief Requested

6. In order to prevent irreparable injury, ECP seeks a preliminary injunction and temporary restraining order pursuant to Fed. R. Bankr. P. 7065, enjoining Defendants 29 Kermit Place LLC, 31 Kermit Owner LLC, 35 Kermit Place LLC, 771 Hopkinson Boyland LLC, Tameka Norton, Noel Norton, Carlotta Norton, Saratoga Livonia LLC, Smart Kids R Us, Inc., and Debtor (collectively, the "Defendants") from transferring, assigning, disposing of, encumbering, secreting, or removing from the state any of their real property, other than as may be agreed to in writing by ECP.

7. ECP requests that the preliminary injunction and temporary restraining order requested in this Motion be granted without the requirement of ECP posting a bond. The State Court granted an extremely broad attachment of all the Defendants' real and personal property in the Attachment Order (defined below). This attachment covered bank accounts, brokerage

accounts, and real property owned by nearly a dozen Defendants. Because the attachment was so broad, the State Court required a bond of $5,000,000 in order to freeze the Defendants' bank accounts.[1]

8.     In this Application, ECP is seeking an injunction solely to prevent transfers or encumbrances of the Defendants' real property, not attachment of personal property. The Defendants would be permitted to use the real property and notably, permitted to collect rent from the real property, during time that the injunction is in effect. Under these circumstances, ECP should not be required to post a bond.

9.     ECP requests that it be permitted to file any order granting this Motion with the Clerk of Court for Kings County, New York, and a Notice of Pendency, so that the requested injunction against transferring real property will be known to any potential buyers of the property.

**<u>Factual Allegations</u>**

10.     The relevant facts establishing ECP's entitlement to the relief sought in this Motion have been judicially established in the State Court through the entry of two orders, both of which were entered in the case styled *ECP Property II, LLC v. Joseph Norton, et al.*, State Court Index No. 502651/2022 (the "<u>State Court Action</u>"):

    a.   An *Order Granting Preliminary Injunction, Attachment Pursuant to CLPR Article 62, and Leave for a Plaintiff to file a Supplemental Summons and Amended Complaint* (the "<u>Attachment Order</u>") on September 19, 2023; and

---

[1] As demonstrated in the Strassberg Affidavit, ECP sold its sole asset, which was the building it obtained from Riverrock in foreclosure, prior to commencing the State Court Action. Accordingly, the bonding company required ECP to post $5 million in cash.

b. An order entering summary judgment (the "Summary Judgment Order") against Debtor and the other Defendants on ECP's causes of action for fraudulent conveyance and civil conspiracy.

Copies of the Attachment Order and the Summary Judgment Order are attached hereto as **Exhibit 2** and **Exhibit 3**, respectively.

11. In the over four years since ECP commenced the State Court Action, the Defendants, including prior Defendant Joseph Norton have engaged in the following maneuvers, each of which constitutes an abuse of this Court's jurisdiction:

- May 25, 2023 – Joseph  Norton filed Case No. 1−23−41862−ess (the "First Bankruptcy Case") in this Court, days before a hearing on ECP's motion which led to entry of the Attachment Order.  Defendants contend that Joseph Norton's filing of the First Bankruptcy Case stays the State Court Action in its entirety.

- September 14, 2023 – The State Court entered the Attachment Order and explicitly rejected Defendants' contention that the entirety of the State Court Action was stayed.

- January 24, 2024 – After Joseph Norton filed a motion for sanctions in the First Bankruptcy Case, this Court entered an *Order Denying Debtor's Motion for Sanctions for Violation of the Automatic Stay* (the "Sanctions Denial Order"), holding that Joseph Norton "had not established a sufficient basis to conclude that the [ECP] violated the automatic stay with respect to the Debtor," and also rejecting the Debtors' contention that the entirety of the State Court Action was stayed.

- May 7, 2024 – This Court dismissed the First Bankruptcy Case due to Joseph Norton's failure to comply with numerous provisions of the Bankruptcy Code and this Court's local rules, including his failure to produce tax returns and additional required disclosures to the Chapter 13 Trustee.

- May 24, 2024 – Less than two weeks after this Court dismissed the First Bankruptcy Case, Joseph Norton filed Case No. 24-42169 (ESS) (the "Second Bankruptcy Case") in this Court.

- June 24, 2024 – Joseph Norton filed a *Notice of Removal* (the "First Notice of Removal") in this Court, removing the State Court Action to this Court, commencing Adversary Proceeding No. 1-24-01063-ESS (the "Adversary Proceeding").

- September 14, 2024 – This Court entered an *Order* (the "Dismissal Order"), dismissing the Adversary Proceeding without prejudice.  The Dismissal Order was printed upon a *Notice of Voluntary Dismissal* as to Defendant Joseph Norton.

- October 2024 – In accordance with the Dismissal Order, the Attachment Order, and the Sanctions Denial Order, ECP pursues default judgment or summary judgment against the Defendants, including Debtor, in the State Court Action.

- May 13, 2025 – This Court dismissed the Second Bankruptcy Case, again for Joseph Norton's failure to provide the Chapter 13 Trustee with required documentation.

- September 2, 2025 – The State Court entered the Summary Judgment Order, granting summary judgment in favor of ECP on its counts for fraudulent transfer and civil conspiracy, and awarding attorneys' fees to ECP in an amount to be determined at a hearing before the Judicial Hearings Office (the "JHO").

- October 26, 2025 – Debtor commences this bankruptcy action by filing a voluntary petition for relief under Chapter 13. The filing date of this action was one day prior to a hearing set before the JHO to determine the attorneys' fee amount.

- October 26, 2025 – Debtor files a *Notice of Bankruptcy* in the State Court Action, in direct contravention of the Attachment Order and the Sanctions Denial Order. Debtor claims that "The decision rendered [i.e. the Summary Judgment Order] cannot proceed or be enforced as to any defendant, as the stay protects the debtor and prevents fragmentation of the proceeding."

- December 3, 2025 – Neither Debtor nor his counsel appear for the Section 341 meeting of creditors in this case.

- January 6, 2026 – This Court grants ECP's motion for relief from stay, which further clarifies that ECP can pursue entry of a final judgment against the Defendants.

- January 6, 2026 – After a hearing on the Chapter 13 Trustee's motion to dismiss this case, this Court directed the parties to settle an order dismissing the case. Similar to the dismissals of the First Bankruptcy Case and the Second Bankruptcy Case, the Debtor failed to file numerous required documents.

- February 4, 2026 – Debtor and his counsel again fail to appear for the continued Section 341 meeting of creditors in this case.

- February 7, 2026 – Debtor files the Second Notice of Removal, two days prior to another scheduled hearing before the JHO to determine the attorneys' fee amount.

12.     In addition to the bad-faith bankruptcy filings and removals described above, prior to the start of the State Court Actions, the Defendants and their family and related entities also filed the following bankruptcy cases in this Court:

- October 2, 2014 –Riverrock Nehemiah Realty LLC ("Riverrock") filed Case No. 1-14-45041-NHL under Chapter 11 of the Bankruptcy Code.

- July 2, 2015 – Riverrock filed Case No. 15-43095 (NHL) under Chapter 11 of the Bankruptcy Code.

- September 22, 2016 – Thema Norton (brother of Debtor, daughter of Joseph Norton) filed Case No. 1-16-44209-essunder Chapter 7 of the Bankruptcy Code.

- May 2, 2017 – Thema Norton filed Case No. 17-42199-ess under Chapter 7 of the Bankruptcy Code.

- November 13, 2019 – Joseph Norton filed Case No. 19-46818 (ESS) under Chapter 7 of the Bankruptcy Code, one day prior to a scheduled deposition seeking enforcement of an earlier judgment entered against Joseph Norton and Riverrock.

13.     Since entry of the Attachment Order**,** Debtor has participated in the transfer of one of the properties owned by the entity defendants in the State Court Action.  On June 26, 2025, Debtor signed a deed (the "Deed") on behalf of 771 Hopkinson Boyland LLC – a defendant in the State Court Action – transferring the real property located at 771 Thomas S. Boyland St., Brooklyn, NY, to Debra Ann Burnette.  A copy of the Deed is attached hereto as **Exhibit 4**.

14.     ECP has attempted to obtain discovery related to this transfer of property by issuing subpoenas to five parties, including Debra Ann Burnett, but none of the parties to the sale appeared at depositions.  The identity of Debra Ann Burnett is not known, and it is possible that she is a straw man for the Defendants to continue to remove their property from the reach of ECP in its collection efforts.

15.     The purchase price of 771 Hopkinson Boyland LLC's property was $1.1 million, and a mortgage of $497,500 was satisfied.  Debtor was involved in the sale, *inter alia*, by executing the deed of sale as manager of the LLC seller.  This mixed-use retail and residential property was sold July 3, 2025, and the petition filed in October 2025. Debtor surely knows where the proceeds of that sale went, and yet he has not disclosed any information to this Court. If Debtor were serious about this bankruptcy proceeding, then financial records related to the sale would have been disclosed from the outset.

16.     771 Hopkinson Boyland LLC was able to transfer its property despite entry of the Attachment Order because ECP was unable to post the $5,000,000 cash bond required by the Attachment Order and the bonding company.  ECP's sole current operation is enforcement of the judgment it obtained against Joseph Norton and Riverrock and pursuing collection of that judgment through the State Court Action.  If the preliminary injunction and temporary restraining order requested in this application are granted, Defendants would still be permitted to continue to accept rent and maintain the real property they own.

17.     In the Notice of Removal, Debtor's counsel misstates the facts and the law in numerous ways.  Notably, there is no "related to" jurisdiction in this Court.  Debtor has not filed any schedules to show whether his assets include any of the entity defendants in the State Court Action, and he has twice failed to appear for his Section 341 meeting of creditors.  The case is slated for dismissal next month.

18.     In the Second Notice of Removal, Debtor's counsel also states that "No prior notice of removal of the State Action has been filed."  This is patently untrue, and Debtor's counsel was fully aware of the First Notice of Removal filed in Joseph Norton's Second Bankruptcy Case, as demonstrated in the following pleadings filed in the State Court Action:

- NYSCEF Docket No. 112: Notice of Bankruptcy

- NYSCEF Docket No. 113: Dahiya letter to Justice Campanelli **filed by Narissa Joseph on June 6, 2023 (after which she is listed as counsel -meaning she received electronic notice of all filings in the state court).** (See Exhibit A to Strassberg Affirmation.)

- NYSCEF Docket No. 114: Notice of Bankruptcy filed by Joseph Norton on June 6, 2023.

- NYSCEF Docket No. 311: First Notice of Removal filed on June 25, 2024, by Karamvir Dahiya.

- NYSCEF Docket No. 411: Second Notice of Removal filed February 8, 2026, by Karamvir Dahiya and signed by Narissa Joseph.

19.     Narissa Joseph is also listed on the NYSCEF docket for the State Court Action as appearing on behalf of the Defendants, further demonstrating that she was fully aware that the State Court Action had been previously removed and remanded. (<u>See</u> Exhibit A to Strassberg Affirmation.)  In this case, Narissa Joseph is the attorney for Debtor, and she is fully aware that this Court entered an *Order Modifying Automatic Stay* (ECF No. 20) on January 6, 2026, also finding that the automatic stay does not apply to the remaining Defendants other than Debtor.

20.     In the Second Notice of Removal, Debtor's counsel misstates the facts and the law in numerous ways.  Notably, there is no "related to" jurisdiction in this Court.  Debtor has not filed any schedules to show whether his assets include any of the entity defendants in the State Court Action, and he has twice ignored.  The case is slated for dismissal next month.

21.     Debtor's counsel also states in the Second Notice of Removal that "No prior notice of removal of the State Action has been filed."  This is patently untrue, and Debtor's counsel was fully aware of the First Notice of Removal filed in Joseph Norton's Second Bankruptcy Case.  Instead of accepting this Court's ruling that the automatic stay does not apply to prevent the State Court Action from proceeding against the non-Debtor Defendants, Ms. Joseph attempted to overrule the Court's holding by filing the Second Notice of Removal.

### **Applicable Law**

22.     Second Circuit case law instructs that to prevail on a motion for a preliminary injunction under Rule 65, the moving party must establish "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor."  <u>Tuccillo v. Geisha NYC, LLC</u>, 635 F. Supp.2d 227, 241 (E.D.N.Y. 2009) (quoting <u>MyWebGrocer, LLC v. Hometown Info., Inc.</u>, 375 F.3d 190, 192

(2d Cir. 2004)). A temporary restraining order serves a different purpose than that of a preliminary injunction; it is designed to "preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." Garcia v. Yonkers Sch. Dist., 561 F.3d 97, 107 (2d Cir. 2009) (quoting Pan Am. World Airways, Inc. v. Flight Eng'rs Int'l Ass'n, 306 F.2d 840, 842 (2d Cir. 1962)).

23. In Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008), the Supreme Court held that a party seeking a preliminary injunction must establish (1) that it is likely to succeed on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. ECP satisfies each of these prerequisites, and the granting of injunctive relief is warranted.

## Argument

### I. ECP Has Succeeded on the Merits.

24. The Summary Judgment Order granted summary judgment to ECP and against Debtor and the other Defendants. Neither the Debtor nor the other Defendants can relitigate the merits of the Summary Judgment Order at this stage.

### II. ECP Will Suffer Irreparable Harm if the Relief Requested is Denied.

25. The irreparable harm requirement is "the single most important prerequisite for the issuance of a preliminary injunction." Tuccillo, 635 F. Supp.2d at 248 (quoting Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1999) (per curiam)). To establish irreparable harm, the movant must demonstrate "an injury that is neither remote nor speculative, but actual and imminent." Tuccillo, 635 F. Supp.2d at 241 (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989)).

26.     Although an injury that is compensable by money damages traditionally does not amount to irreparable harm, courts are allowed to issue a preliminary injunction freezing assets in which the plaintiff claims a lien or equitable interest.  See, e.g., Gucci Am. V. Bank of China, 768 F.3d 122, 130-31 (citing Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 310 (1999)).

27.     In the case at bar, ECP will suffer irreparable harm if the Court does not grant ECP the requested injunctive relief and does not prohibit the Defendants from transferring their real property outside the reach of ECP.  ECP won its summary judgment motion in the State Court Action, and it will have a judgment lien on the Defendants' real property immediately upon entry of the final judgment.

28.     The harm contemplated in this motion has already partially occurred, as reflected in the Deed from 771 Hopkinson Boyland LLC to Debra Ann Burnett.  Without an injunction prohibiting future transfers, ECP's ability to collect on the final judgment is at risk

29.     At this time, ECP's interest in the Defendants' real property is, at least, in the nature of an equitable lien.  Courts in New York are permitted to recognize equitable liens "in the interest of justice even though other remedies are unavailable to that party."  See Rock v. Rock, 100 AD3d 614, 617 (2d Dept 2012).  Although ECP has not yet obtained a judgment lien on the Defendants' real property, the sole purpose of filing the Notice of Removal was to delay entry of that final judgment.  The Court should recognize, at least, that ECP has an equitable lien on the real property, and the Debtor and other Defendants should not be rewarded with additional time to orchestrate further transfers of property while the case is pending in this Court.

30.     ECP will be irreparably harmed if Defendants permitted to transfer their real property, other than as may be agreed by ECP.  If the Court is not inclined to enter an injunction

prohibiting property transfers, then ECP requests that the proceeds of any transfer be placed in the Court's registry for disbursal pursuant to further Court order.

## III. The Balance of Hardships Tips Decidedly in ECP's Favor.

31. For the reasons discussed above regarding ECP's prior success on the merits, ECP has demonstrated that the only remaining issue is whether it will be able to collect on the final judgment to be entered. If the Defendants transfer their real property outside the reach of ECP, then collection could become impossible or take years of additional litigation to achieve. Because ECP has demonstrated a balance of hardships tipping decidedly in its favor, the issuance of a preliminary injunction is warranted. See, e.g., Brewer v. W. Irondequoit Cent. Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000).

32. Defendants cannot claim any harm in its inability transfer its real property until the final judgment is satisfied. Defendants are not harmed because they are not being deprived of the use of anything to which it presently enjoys the right to use or possess. See, e.g., Johnson & Johnson-Merck Consumer Pharma. Co. v. Procter & Gamble Co., 285 F. Supp.2d 389, 394 (S.D.N.Y. 2003) (noting no real hardship to defendant resulting from injunction other than loss of money from activity "it probably should not have engaged in to begin with").

## IV. Issuance of an Injunction Is in the Public Interest.

33. The relief ECP seeks will not adversely affect any third parties or the public interest. To the contrary, the public interest is always best served by the enforcement of fraudulent transfer and civil conspiracy laws, as reflected in the Summary Judgment Order.

34. Immediate action is necessary to preserve the value of the Defendant's real property, from which ECP may recover its damages arising out of Defendants' violation of fraudulent transfer and civil conspiracy laws, and to prevent Defendants from taking any other

actions that will cause further harm to ECP.  ECP is not seeking to strangle the Defendants' ability to collect rent and maintain their real property.

**WHEREFORE:**

Plaintiff, ECP Property II LLC, requests that this court enter an Order:

   a.  Granting ECP a preliminary injunction and temporary restraining order pursuant to Fed. R. Bankr. P. 7065, enjoining Defendants from transferring, assigning, disposing of, encumbering, secreting, or removing from the state any of their real property or proceeds from the sale or encumbrance thereof, other than as may be agreed to in writing by ECP;

   b.  Granting the preliminary injunction and temporary restraining order requested in this Motion without the requirement of ECP posting a bond;

   c.  Allowing ECP to file any order granting this Motion with the Clerk of Court for Kings County, New York, so that the requested injunction against transferring real property will be known to any potential buyers of the property;

   d.  Alternatively, ECP requests an order requiring the Defendants to remit the proceeds of any sale or transfer of their real property to the Court's registry, to be held in escrow pending resolution of this matter, including entry and enforcement of the final judgment to be entered against the Defendants; and

   e.  Granting such other and further relief as may be appropriate.

Dated: February 19, 2026

                                          /s/ Jeremy S. Friedberg
                                          Jeremy S. Friedberg
                                          Friedberg PC
                                          10045 Red Run Boulevard, Suite 160
                                          Baltimore, Maryland 21117
                                          (410) 581-7400
                                          jeremy@friedberg.legal

                                          *Attorney for ECP Property II LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of February, 2026, a copy of the foregoing was served *via* the Court's CM/ECF system on all counsel of record.

                                          /s/ Jeremy S. Friedberg
                                       Jeremy S. Friedberg